

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Albert J. Hutson, Jr.
County Attorney
Trinity County
Groveton, Texas

Dear Sir:

Opinion No. O-2796
Re: The commissioners' court
cannot legally invest the
permanent school fund of a
county in such bonds as
school boards are authorized
to issue under Article 2802 E-1,
Vernon's Annotated Civil
Statutes.

Your recent request for an opinion of this Department upon the
question as is herein stated has been received.

We quote from your letter as follows:

"May the Commissioners' Court invest the permanent school
fund of the county, (that is, the moneys received for the sale
of public school land given to the county) in such bonds as
school boards are authorized to issue under Art. 2802 E-1,
R. C. S.?

"Art. 2824, R. C. S. authorizes the Commissioners' Court
to invest such funds in bonds of the State, of the County,
road districts etc, but all these bonds are bonds voted by
the people and creating a debt that all the property of the
political subdivision voting said bond is back of, while the
bonds authorized by Art. 2802 E-1 are bonds that may be issued
by the school board and are expressly not an indebtedness
created against the whole district but only against the parti-
cular building, stadium, etc.

"It is my opinion that such bonds as are authorized
by Art. 2802 E-1 are not bonds that Art. 2824 authorizes
the permanent school fund to be invested in, and that,
therefore, a Commissioners' Court cannot legally invest their
permanent school funds in such bonds as Art. 2802 E-1
authorizes."

The permanent school fund is provided for in Sections 2 and 6
of Article VII of the Constitution of Texas. The above mentioned Sections
of the Constitution read as follows:

Section 2. "All funds, lands and other property heretofore set apart and appropriated for the support of public schools; all the alternate sections of land reserved by the State out of the grants heretofore made or that may hereafter be made to railroads or other corporations of any nature whatsoever; one-half of the public domain of the State; and all sums of money that may come to the State from the sale of any portion of the same, shall constitute a perpetual public school fund."

Section 6. "All lands heretofore or hereafter granted to the several counties of this State for educational purposes, are of right the property of said counties respectively to which they were granted, and title thereto is vested in said counties, and no adverse position or limitation shall ever be available against the title of any county. Each county may sell or dispose of its land in whole or in part in manner to be provided by the commissioners' court of the county. Actual settlers residing on said lands shall be protected in the prior rights of purchasing the same to the extent of their settlement, not to exceed 160 acres, at the price fixed by said court, which price shall not include the value of existing improvements made thereon by such settlers. Said lands, and the proceeds thereof when sold, shall be held by said counties alone as a trust for the benefit of public schools therein; said proceeds to be invested in bonds of the United States, the State of Texas, or counties or in said State, or in such other securities and under such restrictions as may be prescribed by law; and the county shall be responsible for all investments; the interest thereon and other revenue, except the principal shall be available funds."

The only statute that we have been able to find wherein the Legislature has said how and where this money shall be invested is Article 2824 of Vernon's Annotated Civil Statutes, which reads as follows:

"Each county may sell or dispose of the lands granted to it for educational purposes in such manner as may be provided by the commissioners' court of such county, and the proceeds of any such sale shall be invested in bonds of the United States, the State of Texas, the bonds of the counties of the State, and the independent or common school districts, road precincts, drainage, irrigation, navigation and levy districts in this State, and the bonds of incorporated cities and towns, and held by such county alone as a trust for the benefit of public free schools therein, only the interest thereon to be used and expended annually."

Article 2802 E-1, Vernon's Annotated Civil Statutes, among other things specifically provides that:

"* * * No such obligation shall ever be a debt of any school district or city, but solely a charge upon the property so encumbered, and shall never be reckoned in determining the power of any such school district or city, to issue bonds for any other purpose authorized by law; provided that no election for the issuance of the bonds herein authorized shall be necessary, but the same may be authorized by majority vote of the board of trustees of such independent school district or the governing body of such city. * * *

"The holder hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation. * * * No land upon which is situated any of the school improvements other than as described shall ever be subject to the payment of any indebtedness created hereunder, nor shall any encumberance ever be executed thereon. * * *"

The above mentioned provisions of the Constitution and Article 2824, supra, specifically set forth the kind of bonds that may be bought with funds obtained from the sale of land granted for educational purposes or any other portion of the permanent school funds, and said funds shall be invested in no other bonds except those specifically named and contemplated by the Legislature as above mentioned. The bonds authorized to be issued by Article 2802 E-1, supra, are not bonds named or contemplated by the provisions of the Constitution or statute above mentioned. Therefore, you are respectfully advised that it is the opinion of this Department that the commissioners' court cannot legally invest the permanent school fund of the county in such bonds as school boards are authorized to issue under Article 2802 E-1, supra.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED OCT 9, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:RS-ds

APPROVED OPINION COMMITTEE BY /s/ BWB CHAIRMAN